UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARIA CAPRAUN,

      Plaintiff,

  v.

GARDEN VALLEY FIRE PROTECTION DISTRICT, WILLIAM RICHARD DEKKER, ROBERT ROGERS, ROY BUCHMILLER, NORMA JO CLEAVER, DOES 1-25,

      Defendants.

No. 2:09-CV-01254-FCD-KJM

MEMORANDUM AND ORDER

----oo0oo----

    On August 4, 2009, plaintiff Maria Capraun ("Capraun" or "plaintiff") filed a complaint for damages and injunctive relief (the "complaint") against defendants William Richard Dekker, Robert Rogers, Roy Buchmiller, Norma Jo Cleaver (collectively, the "individual defendants"), and Garden Valley Fire Protection District (the "District").  On September 30, 2009, the individual defendants filed (1) a motion to dismiss plaintiff's complaint or, in the alternative, for a more definite statement; and (2) a motion to strike.  On October 8, 2009, the District also filed a motion to dismiss.  Plaintiff opposes defendants' motions.

Because the court concludes that the complaint lacks the necessary information to place defendants on proper notice and to give them adequate ability to respond as required by Rule 8(a) of the Federal Rules of Civil Procedure, it does not reach the merits of defendants' pending motions. While the complaint is fraught with conclusory statements of the law and sweeping allegations of misconduct, it lacks the necessary information to render the complaint a "short and plain statement of the claim[s]" required by Rule 8(a) and falls short of meeting Rule 8(e)'s requirement that each allegation in the complaint "be simple, concise, and direct."

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.

U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); see DM Research Inc. v. College of American Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (while the complaint need not provide evidentiary detail, "the price of entry, even to discovery, is for [the] plaintiff to allege a

2

factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome.  Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition.").  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.

Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations."  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  It is also inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In this case, the court is troubled by the lack of completeness and coherent organization of the factual allegations in the complaint.  Nowhere is there a clear recitation of plaintiff's interactions with each defendant or how such interactions contributed to the specific claims brought by plaintiff.  Rather, the allegations in the complaint present a laundry list of accusations, but offer no timeline of the proffered events.  As such, it is unclear how the alleged conduct is connected to the purported injury suffered by plaintiff. Further, plaintiff has alleged that the individual defendants acted both within and outside the scope of their employment. However, she makes no attempt to delineate into what category the purported conduct of each defendant fell.  While notice pleading

3

standards apply, to the extent plaintiff seeks to press claims against the District based upon the conduct of its employees, whether the employee was acting within the scope of employment is relevant information to put the District on notice of the claims against it.  Finally, as plaintiff's general factual allegations, which are incorporated under each claim, set forth a wide range of purported misconduct by defendants, it is unclear which misconduct forms the basis of each of her fourteen claims for relief.  As such, the complaint does not provide defendants with "fair notice" of the nature of the claims or the "grounds" on which the claims rest.  See Bell Atlantic, 127 S.Ct. at 1964-65 ("A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .").

    To permit plaintiffs to proceed on the submitted complaint would seriously undermine the goal of Rule 8 in encouraging the fair and expeditious resolution of disputes.  Therefore, for the foregoing reasons, the court makes the following orders:

    (1)  Plaintiffs shall file and serve a first amended complaint within twenty (20) days of the date of this order, which complies with Rule 8.

    (2)  Defendants shall file their responses to the first amended complaint within 30 days of service thereof.

    (3)  Defendants' pending motions are VACATED as MOOT.

/////
/////
/////

1    IT IS SO ORDERED.
2   DATED: December 2, 2009.

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE